### P. ALDAMA v. THE STATE.

#### No. 2733.   Decided February 11, 1914.

**Libel—Indictment—Insufficiency of the Evidence.**

Where, upon trial of libel, the indictment charged no offense, and the evidence, even if the indictment charged an offense, did not prove any offense, the case must be reversed and dismissed.

Appeal from the District Court of Webb. Tried below before the Hon. J. F. Mullally.

Appeal from a conviction of libel; penalty, six months confinement in the county jail.

The opinion states the case.

*A. Winslow,* for appellant.—Cited McCauley v. State, 64 Texas Crim. Rep., 183, 141 S. W. Rep., 975.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was indicted for libel. The indictment charges that on March 30, 1912, appellant, with the intent to injure Leopoldo Villegas did unlawfully and maliciously make, publish, etc., a malicious statement of and concerning said Villegas and affecting the reputation of the said Villegas to the tenor fol-

lowing, towit: Then follows what purports to be certain matter in Spanish. The indictment, after copying the Spanish, continues; that said malicious statement is in the Spanish language and was published in a newspaper, naming it, of which appellant was the director, editor and proprietor "and which said statement when translated from the Spanish into the English language is in substance and effect as follows:

"Who is the Mayor of the City.

"In the 'Sufragio Libre' of Thursday, a newspaper whose motto is 'Villega, of Villegas and for Villegas' the same Mr. Villegas with that modesty which since some months ago has characterized him, makes himself the following ridiculous question: 'Who is the candidate of the People's Party for mayor of the city?' Who am I? Well, who are you? Leopoldo Villegas, son of the old Villegas and heir to his fortune. He studied science in Saint Mary's College in San Antonio and in Saint Edward's College in Austin. He studied military matters in a military college in New York where all he learned was to do half a turn (meaning about face). He studied four years in a law school at the end of which time his father found himself compelled to purchase for him the title of a lawyer (meaning his father bought for him a law license or diploma); to which profession he never could dedicate himself because he never knew what law was. An old adage says 'from the smartest fathers are born the most stupid sons.' And Mr. Villegas (meaning Leopoldo Villegas), who after his natural stupidity might have at least inherited the integrity and industry of his father, he only knew how to inherit a considerable fortune which modestly makes it accend to seven million dollars, perhaps added to those of his deceased brother Lorenzo, from whom he not only got a good capital, but he also inherited from him his exquisite pleasure, finally . . . as of the family (meaning that Leopoldo Villegas not only got a good capital from his brother Lorenzo but he also inherited his brother Lorenzo's wife). Of his private life we will say nothing because we do not wish to hurt that modesty of which he makes so much fuss. Such is the candidate of the People's Party for Mayor of the city."

The record in this case is very meager. It is sufficient to show simply this: That appellant had no attorney to represent him; that he didn't speak English; that the district attorney testified merely that he cut this Spanish statement, copied in the indictment, from the newspaper of appellant of which he was the editor, proprietor, etc., and that the translation into English as also copied in the indictment is substantially correct. Said Villegas merely testified that he had lived in Laredo all his life, and then exhibited and introduced in evidence a diploma or license from the Supreme Court of New York admitting him to practice law as an attorney in that State, and then exhibited a license from the Supreme Court of Texas, authorizing him to practice law in all the courts of Texas.

That is substantially all of the evidence. The jury convicted appel-

lant and fixed his punishment at six months imprisonment in the county jail. After this he employed an attorney who made a motion in arrest of the judgment, to the effect that the indictment charged no offense against the law.

Our statute on the subject is as follows: "Article 1151. He is guilty of 'libel' who, with intent to injure, makes, writes, prints, publishes, sells or circulates any malicious statement affecting the reputation of another in respect to any matter or thing pointed out in this chapter."

"Article 1157. The written, printed or published statement, to come within the definition of libel, must convey the idea either: (1)    That the person to whom it refers has been guilty of some penal offense; or (2) that he has been guilty of some act or omission which, though not a penal offense is disgraceful to him as a member of society, and the natural consequence of which is to bring him into contempt among honorable persons, or (3) that he has some moral vice, or physical or mental defect or disease, which renders him unfit for intercourse with respectable society, and such as should cause him to be generally avoided; or (4) that he is notoriously of bad or infamous character; or (5) that any person in office, or a candidate therefor, is dishonest, and therefore unworthy of such office, or that while in office he has been guilty of some malfeasance rendering him unworthy of the place."

"Article 1165. It is no offense to make true statements of fact or express opinions as to the integrity or other qualifications of a candidate for any office or public place or appointment."

"Article 1166. It is no offense to publish true statements of fact as to the qualifications of any person for any occupation, profession or trade."

Appellant also made a motion for a new trial on the same grounds as his motion in arrest of judgment, and, in addition, contending that the evidence was wholly insufficient to sustain the conviction.

In our opinion the indictment charges no offense, and the evidence, even if the indictment charged an offense, does not prove any. Nothing stated in the publication is shown to be false in its criticism of him.

The judgment is therefore reversed and the cause dismissed.

*Reversed and dismissed.*